## CARRERAS v. CARRERAS ET AL.

APELACIÓN procedente de la Corte de Ditrsito de

Mayagüez

No. 77.—Resuelto en Junio 24, 1905.

SOCIEDAD DE GANANCIALES.—PRUEBAS.—Para justificar la fecha en que se celebrara un matrimonio y poder determinar así, la en que comenzara la sociedad de gananciales, es indispensable aportar como prueba la partida de matrimonio.

ID.—En los casos en que el demandado no negare, ni aceptare, en su contestación determinados hechos de la demanda, la parte demandante está en la obligación de probarlos.

ID.—FALTA DE PRUEBAS.—Si el demandante dejare de probar debidamente los extremos necesarios para el éxito de su acción, la demanda deberá desestimarse.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Alvarez Nava.*

Abogado del apelado: *Sr. Méndez Vaz.*

EL JUEZ ASOCIADO SR. HERNÁNDEZ, emitió la opinión del tribunal.

Con fecha 15 de diciembre de 1903, el abogado Don Pascasio Fajardo, en representación del menor Don José del Carmen Domingo Carreras é Yrizarry, asistido éste de su defensor Don Antonio de iguales apellidos, presentó demanda ante el Tribunal de Distrito de Mayagüez, contra Don Lorenzo Carreras y Don Ramón Frontera, en que estableció como hechos: que Don Juan Lorenzo Carreras y Vélez, casó con Da. María Monserrate Yrizarry, en 29 de octubre de 1873, en cuyo matrimonio procrearon varios hijos, entre ellos, el demandante y su defensor: que en 9 de febrero de 1891 falleció la Da. María Monserrate Yrizarry, habiendo sido declarados herederos abintestato de la misma su viudo é hijos, por auto de la referida corte de 20 de julio de 1903; que sin haberse practicado diligencias para el arreglo testamentario de Da. María Monserrate Yrizarry, el demandado Don Ramón Frontera, en 1 de marzo de 1899, indujo dolosa y malicio-

samente al otro demandado Carreras, á que le constituye-
ra hipoteca sobre los bienes pertenecientes á la sociedad
conyugal Yrizarry Carreras, teniendo conocimiento per-
fecto de que tal contrato no podía ni debía otorgarse
por Carreras, toda vez que los bienes dejados al falle-
cimiento de su consorte, no habían sido divididos en la
forma legal procedente; que la finca gravada por Carre-
ras á favor de Frontera, fué adquirida por aquél median-
te permuta con Don Hilario Angleró y Coascut, celebrada
en 9 de mayo de 1888, cuando Carreras estaba casado con
Doña María Monserrate Yrizarry: que Frontera, cedió
á Don Domingo Rullán algunos de los plazos hipotecarios
del crédito que le constituyera Carreras en 1 de marzo
de 1899, y mediante esa cesión, siguió Rullán contra Ca-
rreras procedimiento sumarísimo, en el que le fueron
adjudicados los bienes hipotecados, despojándose así al
demandante del haber hereditario que le correspondía
por fallecimiento de su madre; y que habiendo pasado
el inmueble á la propiedad de Rullán, que no había in-
tervenido en el contrato de hipoteca, é inscribió en el
Registro de la Propiedad la cesión de los plazos hipo-
tecarios, no podía invalidarse la adjudicación. Invocó
el demandante como fundamentos de derecho, los artí-
culos 164, 1259, 1261, 1302, 1303, 1304 y 1307 del Có-
digo Civil antiguo, los 139 y 205 de la Ley Hipotecaria,
y el 2010 de la antigua Ley de Enjuiciamiento Civil;
y concluyó con la súplica de que se declarara nula en
su día la escritura de hipoteca otorgada por Cárreras
á favor de Frontera, en 1 de marzo de 1899, ante el
Notario de San Germán Don José R. Nazario de Fi-
gueroa, y por ende, nula la inscripción de dicho título,
y toda vez que los bienes sujetos á hipotecas han pasado
por adjudicación á tercera persona, ó sea á Don Domin-
go Rullán, y su inscripción no puede ser anulada, á te-
nor de lo que dispone el artículo 34 de la Ley Hipote-

caria, condenar á Frontera á restituir al demandante los frutos percibidos, ascendentes á 150 quintales de café, y al pago de 9,000 dollars, en que ambos demandados, de mútuo acuerdo, tasaron la finca, con más los intereses desde la fecha de la adjudicación, y las costas del juicio á cargo de Frontera.

Don Ramón Frontera, al contestar la demanda por medio del Letrado Don José de Diego, se opuso á ella, y alegó que ni afirmaba ni negaba los hechos relativos al matrimonio de Don Lorenzo Carreras y Doña María Monserrate Yrizarry, á la procreación de varios hijos en su matrimonio, al fallecimiento de Doña María Monserrate Yrizarry, y á la declaratoria de herederos de la misma, si bien aceptaba las resultancias de las pruebas que se presentaran para justificarlo; que negaba en absoluto, que Frontera hubiese inducido á Carreras con dolo y malicia al otorgamiento de la escritura hipotecaria formalizada en primero de marzo de 1899; que al adquirir Carrera la finca de que se trata, era casado, y también lo era al constituir sobre dicha finca la cuestionada hipoteca, después de recibir de Frontera el valor garantizado en el contrato; que si Carreras, al adquirir la finca, estaba casado con Doña Monserrate Yrizarry, y al hipotecarla había contraído nuevas nupcias con otra persona, recibiendo el dinero de Frontera y gravando la finca con perjuicio de los hijos del primer matrimonio, eso, en el caso de haber ocurrido, correría únicamente á cargo y cuenta de la responsabilidad y de la malicia del deudor hipotecante; que Carreras aparecía en el Registro de la propiedad de San Germán con derecho para enagenar la finca mencionada, sin que allí constara en forma alguna el pretendido derecho del demandante en la propiedad de la finca; que Carreras había vendido últimamente á Don Ruperto Hernández Pascual, por escritura pública de 16 de septiembre de 1903, la finca

de que se trata, sin intervención alguna del demandante, con ánimo, sin duda, de perjudicar al cesionario de la hipoteca Don Domingo Rullán, que estaba ya ejecutando la finca hipotecada, la cual fué adjudicada al acreedor en pago y por precio de 2,400 dollars, importe de su crédito; y que el contrato de hipoteca, cuya nulidad se pretendía, fué celebrado en 1 de marzo de 1899, y desde esa fecha á la de la demanda, 15 de diciembre de 1903, habían transcurrido cuatro años, nueve meses y quince días. Invocó como fundamentos de derecho, los artículos 1268 y 1275 del Código reformado, y los 34 y 36 de la Ley Hipotecaria, y concluyó con la súplica de que en definitiva se declarara sin lugar la demanda con las costas á la parte actora.

De las pruebas practicadas aparece:

1.—Que por auto de la corte de Mayagüez, de 20 de julio de 1903, fueron declarados herederos de Doña María Monserrate Yrizarry, fallecida en 10 de febrero de 1891, sus hijos nombrados Juan Lorenzo, Ramón Domingo, Juan Antonio, María Dolores Filomena, y José del Carmen Domingo Carreras é Yrizarry, habidos en matrimonio con Don Juan Lorenzo Carreras, y este último en la cuota vidual correspondiente.

2.—Que por auto de la misma corte de Mayagüez de 10 de noviembre de 1903, don Antonio Carreras é Yrizarry, fué nombrado defensor de su hermano el menor José del Carmen Domingo de los mismos apellidos, para que le representara en el juicio que había de promover contra Don Ramón Frontera, Don Domingo Rullán y Don Juan Lorenzo Carreras, sobre derechos que le fueron lesionados de su haber materno.

3.—Que por escritura pública de 5 de junio de 1874, Don Eugenio Comas vendió á Don Juan Lorenzo Carreras, casado ya éste, y obrando en nombre propio y de su hermano el Pbro. Don Antonio Ramos Colón, un

cuerpo de terreno de cien cuerdas de extensión próximamente, bajo los puntos y linderos que en dicho documento se expresan, y por valor ya recibido de quince mil pesetas.

4.—Que por otra escritura pública de 9 de mayo de 1888, Don Juan Lorenzo Carreras, de estado casado, permutó la misma finca adquirida, que ya era toda de su propiedad, por haber adquirido la parte correspondiente al Pbro. Ramos Colón, por otra de Don Hilarión Angleró y Coascut, con cabida de 45 cuerdas, sita en el barrio de Maricao, afuera, del término Municipal de Maricao, siendo de notar que en esa escritura de permuta entre otras cosas se hizo constar que Carreras, por otra escritura pública de 2 de abril de 1878, declaró haber recibido la cantidad de mil novecientos sesenta y un pesos doce centavos, á que ascendió el haber de sus menores hijos Doña María José y Doña María Emilia del Carmen, cuya suma debía entregarles cuando cumplieran su mayor edad, garantizando esa obligación con hipoteca sobre la mencionada estancia de cien cuerdas, la que había de trasladarse á la otra finca de 40 cuerdas, á virtud de autorización concedida al efecto por el Juez de Primera Instancia de San Germán en auto de 26 de abril de 1888.

5.—Que por escritura pública de 1 de marzo de 1899, Don Juan Lorenzo Carreras, casado, hipotecó á favor de Don Ramón Frontera la finca que por título de permuta había adquirido de Don Hilarión Angleró y Coascut, en 9 de marzo de 1888.

6.—Que la escritura pública de permuta otorgada por Carreras y Angleró en 9 de marzo de 1888, fué inscrita en el Registro de la Propiedad de San Germán, con fecha 14 del mismo mes.

7.—Que la finca de 40 cuerdas adquirida de Angleró por Carreras, fué adjudicada por la corte de Ma-

yagüez, en auto de 22 de octubre de 1903 á Don Domingo Rullán, cesionario de Frontera, en diligencias sumarias de ejecución, habiéndose inscrito el dominio adquirido por Rullán en el Registro de la Propiedad de San Germán, con fecha 26 de diciembre del mismo año.

No consignamos el resultado de la prueba testifical por estimarlo innecesario para la resolución final del litigio.

La Corte de Distrito de Mayagüez, dictó sentencia en 2 de noviembre del año próximo pasado, que copiada á la letra, dice así:

"*Sentencia.*—En la Corte de Distrito del Distrito Judicial de Mayagüez, P. R., *José del Carmen Domingo Carreras é Yrizarry, v. Lorenzo Carreras y Ramón Frontera.*—Civil No. 35.—Nulidad de inscripción.—Sentencia inscrita noviembre 2-'04.—El 31 de octubre de 1904, se llamó esta causa para juicio por su orden de señalamiento: comparecieron, el demandante y el demandado Ramón Frontera por sus abogados y anunciaron estar listos.—El otro demandado, Lorenzo Carreras, á pesar de haber sido debidamente citado, no compareció y fué declarado en rebeldía.—La Corte, después de oir las pruebas practicadas y los informes de las partes, reservó su decisión, y hoy 2 de noviembre de 1904, declara que la Ley y los hechos están en contra del demandante, y que éste no obtenga nada de los demandados y vayan libres de toda reclamación respecto de esta demanda y que se libre mandamiento al Marshal para satisfacer esta sentencia.—Isidoro Soto Nussa, Juez.—Testifico Wm. Falbe, Secretario."

Contra esa sentencia interpuso la representación del demandante recurso de apelación y tramitado dicho recurso ante esta Corte Suprema, ambas partes alegaron por escrito y oralmente, cuanto han estimado conducente á la defensa de sus respectivas pretensiones, siendo de notar que el letrado del demandante, en su alegato, ha manifestado que los daños y perjuicios no son de tanta trascendencia como se fijan en la demanda, pues como la finca hipotecada tiene el carácter de ganancial, pertenece, en cuanto á una mitad, al demandado Carreras, y en cuanto á la otra mitad, á los herederos de Doña

María Monserrate Yrizarry, uno de los cuales es el apelante, de modo que la indemnización debe quedar reducida á 4,500 dollars, mitad del valor en que fué tasada la finca, y al interés legal de esa suma á contar desde la fecha de la adjudicación de aquélla á un tercero, ó sea á Rullán; á lo cual es de agregarse que también el letrado del demandante ha expresado en su alegato, que siendo un hecho cierto que Carreras recibió de Frontera el importe de la hipoteca, y no siendo justo que una de las partes se beneficie con perjuicio de la otra, Carreras es el primeramente obligado á indemnizar á los perjudicados, y subsidiariamente á Frontera, de modo que debe declararse con lugar la demanda, condenando á Carreras, y subsidiariamente á Frontera, á pagar al demandante y demás herederos de la Yrizarry, 4,500 dollars, valor de la finca hipotecada, y los intereses legales de esa suma, á contar desde la adjudicación de ella á un tercero. Examinados bajo el punto de vista legal, los hechos puestos á discusión en el presente litigio, obsérvase, desde luego, que la parte actora no ha traído á los autos la partida de matrimonio de D. Lorenzo Carreras y Da. María Monserrate Yrizarry, requisito indispensable para justificar que ese matrimonio se celebró en 29 de octubre de 1873, según se alega en la demanda, y para saber la fecha en que comenzó la sociedad de gananciales, que, según el artículo 1393 del Código Civil antiguo, que es el 1311 del reformado, comienza precisamente en el día de la celebración del matrimonio.

El demandante, no pudo estimarse excusado de traer dicha prueba al juicio, pues el demandado Frontera, al contestar la demanda, expresó que no afirmaba ni negaba los hechos relativos al matrimonio de Don Lorenzo Carreras y Doña María Monserrate Yrizarry, á la procreación de varios hijos en su matrimonio, al fallecimiento de la Yrizarry, y á la declaratoria de herederos de la

misma, aceptando las resultancias de la prueba, que se presentara para justificarlos.

Aparece justificado por el testimonio del auto que, la Corte de Mayagüez dictó en 20 de julio de 1903, que doña María Monserrate Irizarry falleció en el pueblo de Maricao el día 10 de febrero de 1891 sin otorgar disposición testamentaria, dejando de su matrimonio con don Juan Lorenzo Carreras cinco hijos nombrados Juan Lorenzo, Ramón Domingo, Juan Antonio, María Dolores Filomena y José del Carmen Domingo, los cuales con el viudo don Juan Lorenzo Carreras, este último en la cuota vidual correspondiente, fueron nombrados herederos abintestato de aquélla; y también hay indicaciones en autos de que don Juan Antonio Carreras era mayor de edad, y su hermano don José del Carmen Domingo de 19 años, en la fecha en que la Corte de Distrito de Mayagüez nombró al primero defensor del último, ó sea en 10 de noviembre de 1903, de lo cual parece desprenderse que por el año de 1880 ya estaban casados don Juan Lorenzo Carreras y doña María Monserrate Irizarry. Empero, don Juan Lorenzo Carreras y su hermano el Presbítero don Antonio Ramos Colón adquirieron de don Eugenio Comas, por escritura pública de 5 de julio de 1874, la finca de que luego vino á ser dueño absoluto el Carreras por no haber pagado á éste, Ramos Colón, la parte correspondiente del precio, siendo esa finca la misma que permutó don Juan Lorenzo Carreras, mediante escritura pública de 9 de mayo de 1888, por otra de don Hilarión Angleró é hipotecó á don Ramón Frontera por escritura pública de 1 de marzo de 1899, cuya nulidad se discute en el presente litigio.

Don Juan Lorenzo Carreras aparece ser de estado casado en las escrituras de 5 de junio de 1874, de 9 de mayo de 1888 y 1 de marzo de 1899, é indudablemente estaba casado con doña María Monserrate Irizarry al otorgar la segunda escritura, y con otra señora, cuyo nombre no consta al otorgar la tercera; pero ignórase si no obstante apare-

cer casado al otorgar la primera de 5 de junio de 1874, lo estaba con doña María Monserrate Irizarry ó con otra esposa distinta, duda que encuentra fundamento positivo en el hecho de que en la escritura de 9 de mayo de 1888 se consigna que Carreras, por otra escritura pública de 2 de abril de 1878, declaró haber recibido la cantidad de 1,961 pesos 12 centavos á que ascendió el haber de sus menores hijos doña María José y doña María Emilia del Carmen, las que no figuran entre los hijos de don Lorenzo Carreras y doña María Monserrate Irizarry, declarados herederos de la segunda.

No es posible, pues, definir si el demandado Carreras estaba casado con doña María Monserrate Irizarry al adquirir con su hermano don Antonio Ramos Colón, por escritura de 5 de junio de 1874, la finca que luego permutó por otra de Angleró, mediante la escritura de 9 de mayo de 1888, hipotecada luego á favor de don Ramón Frontera; y como faltan, por tanto, términos hábiles para determinar si la primera finca era bien ganancial del matrimonio Carreras Irizarry, tampoco cabe hacer igual afirmación respecto de la hipotecada á Frontera, pues ésta sustituyó á aquélla por permuta, y su carácter de ganancial depende de que lo tuviera la primera, ó sea la dada por Frontera en permuta.

A la parte demandante tocaba justificar los hechos determinantes de la calidad de ganancial de la finca hipotecada á Frontera, en cuya calidad se funda la nulidad de la hipoteca y consiguiente reclamación de daños y perjuicios; y faltando esa justificación, no puede prosperar la demanda, sin que sea necesario considerar y discutir la excepción de prescripción alegada por el demandado Frontera.

Por las razones expuestas, procede se confirme la sentencia apelada, con las costas del recurso á cargo del apelante don José del Carmen Domingo Carreras.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Quiñones y Asociados, Figueras y MacLeary.

El Juez Asociado Sr. Wolf, no intervino en la resolución de este caso.